IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID CARL PHELPS, | ) | 8:14CV151 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| WARDEN PEART, of L.C.C., | ) | |
| | ) | |
| Respondent. | ) | |

    The court has carefully reviewed David Carl Phelps's ("Petitioner") Petition for Writ of Habeas Corpus (Filing No. 1) and the supplementary material (Filing No. 4) he submitted in support of his petition. In light of the complicated procedural and legal issues involved, the court finds that counsel should be appointed to represent Petitioner in this matter. See McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997) ("There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court.").

    As ordered below, the Federal Public Defender's Office for the District of Nebraska is appointed to represent Petitioner. Counsel for Petitioner should note that the court's decision to appoint counsel in this matter is particularly driven by Petitioner's claim of actual innocence, and the evidence submitted in support of the claim (see Filing No. 1 and Filing No. 4).[1] See McQuiggins v. Perkins, --- U.S. ----, 133 S. Ct. 1924, 1928 (2013) (holding that a habeas petitioner who can show actual innocence under the rigorous standard of Schlup v. Delo, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception). See also Dansby v. Hobbs, --- F.3d ----, 2014 WL 4378753, at *3 (8th Cir. Sept. 5, 2014) ("The Supreme Court has not decided whether a persuasive

---

[1]Petitioner was convicted of kidnapping in the 1987 disappearance of a 9-year-old child, and he was sentenced to life in prison. State v. Phelps, 834 N.W.2d 786, 789 (Neb. 2013).

demonstration of actual innocence after trial would render unconstitutional a conviction and sentence that is otherwise free of constitutional error. The Court has established, however, that the threshold for any such claim, if it were recognized, would be extraordinarily high."). While the court calls attention to this issue, there may be others raised, or not raised, by Petitioner requiring further briefing. This order is not intended to limit Petitioner's claims.

The court cautions Petitioner that no determination has been made regarding the merits of his claims or any defenses thereto, or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. The Federal Public Defender's Office for the District of Nebraska is appointed to represent Petitioner.

2. An attorney from the Federal Public Defender's Office shall promptly enter his appearance as counsel in this matter.

3. No later than 60 days from the date of this order, counsel for Petitioner shall file an amended petition for writ of habeas corpus that fully sets forth Petitioner's grounds on which he claims he is being held in violation of the Constitution, laws or treaties of the United States. The clerk's office is directed to enter the following pro se case management deadline: **November 24, 2014**: Check for amended petition.

4. Following the filing of the amended petition, the court will enter an order progressing this matter to disposition.

5. Although counsel has been appointed, this matter will remain assigned to the pro se docket.

6.     The clerk's office shall provide the Federal Public Defender's Office, Petitioner, and the Nebraska Attorney General's Office with a copy of this Memorandum and Order.

DATED this 23rd day of September, 2014.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.